# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Edward Weiss, | Civil No. 12-2417 (RHK/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Scott Edward Weiss's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Equitable Tolling (ECF No. 2). The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court recommends that the petition be denied as untimely. Alternatively, the Court recommends that the petition be denied because all claims are procedurally barred.

## I. BACKGROUND

### A. State Proceedings

On October 19, 2006, a jury convicted Weiss of three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, one count of attempted first-degree criminal sexual conduct, and two counts of kidnapping. (Pet. at 1-2, ECF No. 1.) He was sentenced to 540 months imprisonment. (*Id.* at 1.)

Weiss appealed to the Minnesota Court of Appeals, which affirmed the convictions and sentence. *State v. Weiss*, No. A07-1057, 2008 WL 4299619, at *1 (Minn. Ct. App. Sept. 23, 2008). The Minnesota Supreme Court denied review on November 18, 2008. Weiss did not file a

petition for a writ of certiorari with the United States Supreme Court.

Next, Weiss filed a state petition for postconviction relief on December 9, 2009. The petition was denied, and the Minnesota Court of Appeals affirmed. *Weiss v. State*, No. A10-896, 2011 WL 1236047, at *1 (Minn. Ct. App. Apr. 5, 2011). Petitioner did not seek review by the Minnesota Supreme Court, and the appeals court entered judgment on June 23, 2011. On January 24, 2012, Weiss filed a motion asking the Minnesota Supreme Court to excuse his untimely request for review and to review the Minnesota Court of Appeals' decision. The Minnesota Supreme Court denied that motion on March 20, 2012. Petitioner filed the instant habeas petition on September 18, 2012.

**B.     The Federal Habeas Petition and Motion for Equitable Tolling**

Weiss filed a habeas petition pursuant to 28 U.S.C. § 2254 on September 18, 2012, asserting four grounds for relief: (1) ineffective assistance of trial counsel, (2) the State's failure to disclose favorable evidence, (3) prosecutorial misconduct, and (4) sentencing errors. (Pet. at 2-4.) Weiss simultaneously filed a Motion for Equitable Tolling, asking the Court to excuse the untimeliness of the petition. (ECF No. 2 at 1.) Weiss explained that he had hired an attorney to file the petition but the attorney had abandoned him. (*Id.*)

In an affidavit filed in support of the motion, Weiss claimed he hired an attorney with the National Inmate Advocacy Program, "Mr. Edwards," in October 2010 to research and investigate issues to be raised in his federal habeas petition. (Weiss Aff. ¶ 4, Sept. 10, 2012, ECF No. 5.) Weiss said he paid Mr. Edwards for this service. (Weiss Aff. ¶ 4.) After Weiss's petition for postconviction relief was denied, Mr. Edwards assured Weiss there was ample time to file a federal habeas petition. (*Id.*) Weiss averred Mr. Edwards did not return his telephone calls in May, June, July, August, September, and October of 2011, but assured Weiss's family in

October, November, and December of 2011, that sufficient time remained to file the petition. (*Id.*) According to Weiss, in February 2012, he contacted another attorney, Andrew Birkeland at the Rasmus Law Firm, and explained his predicament. (Weiss Aff. ¶ 5.) Mr. Birkeland allegedly agreed to represent Weiss, sent him a retainer agreement, and visited him in prison in February and April 2012. (*Id.*) Seven months later, however, Mr. Birkeland informed Weiss he was withdrawing as counsel. (*Id.*)

The documents attached to Weiss's affidavit do not support some of the more critical assertions he makes in his affidavit. For example, Weiss attached two letters he described as letters from Mr. Edwards (ECF No. 5-1 at 1), but the signature is missing from one letter and the other letter is signed by Annie Houston, Program Director of the National Inmate Advocacy Program. (*Id.* at 2, 3.) A letter from the National Inmate Advocacy Program, attached to Weiss's Affidavit, indicated that Weiss was sent a retainer agreement on March 24, 2011. (Weiss Aff. Ex. A at 2.) A subsequent letter from Ms. Houston advised that the organization is "*not a law firm*" and is "prohibited from giving legal advice." (*Id.* at 3) (emphasis in original). There is no mention of "Mr. Edwards" in any of the correspondence, nor did Weiss submit the retainer agreement or any proof that the retainer was paid. To the contrary, on March 12, 2012, Weiss wrote to Ms. Houston and notified her that he had retained a private attorney, Mr. Birkeland, to file a federal habeas petition on his behalf. (*Id.* at 4.)

## II.  DISCUSSION

### A.  The One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions filed pursuant to 28 U.S.C. § 2254.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) is applicable here. Weiss' one-year clock began running on February 16, 2009, 90 days after the entry of judgment by the Minnesota Supreme Court, when the time to petition the United States Supreme Court for review expired. *See* Sup. Ct. R. 13(1) (2012). Weiss froze the clock with 69 days remaining when he filed his state postconviction petition on December 9, 2009. The petition was denied, and the Minnesota Court of Appeals affirmed on April 5, 2011. Weiss had thirty days to seek review from the Minnesota Supreme Court. Minn. R. App. P. 117, subd. 1 (2012). When Weiss failed to seek review, the one-year clock resumed on May 5, 2011, with 69 days remaining. On July 14, 2011, Weiss' one-year period of limitation expired.

Clearly then, Weiss' petition is well after the one-year deadline. The Court cannot excuse this untimeliness unless the principle of equitable tolling applies. Equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *see also White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) ("Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). No such circumstances are present here.

Weiss has not demonstrated that he diligently pursued his rights. He does not provide evidence that Attorney Edwards was working on his habeas petition. Weiss states that he was told by Edwards that he had plenty of time to file his habeas petition. However, attorney miscalculation is not sufficient to warrant equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007). The second attorney, Andrew Birkeland, was not hired until April 2012, more than nine months after the one-year limitations period expired.

Weiss compares his situation to *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). In *Spitsyn*, the petitioner hired an attorney nearly a full year before the limitations period expired. *Id.* at 798. Before the limitations period expired, Spitsyn frequently attempted to contact the attorney, filed a grievance with the state bar association, and requested the attorney return his files. *Id.* Weiss has not demonstrated similar diligence in pursuing his rights. Accordingly, the Court finds *Spitsyn* inapplicable.

In sum, the AEDPA imposes a one-year limitations period for § 2254 petitions. Weiss' statutory limitation period expired on July 14, 2011. Equitable tolling is permitted only in limited

situations which are not met in this case. Weiss failed to demonstrate that he diligently pursued his rights to file a habeas petition, nor has he demonstrated extraordinary circumstances standing in his way. Therefore, the Court recommends that the habeas petition be deemed untimely and Weiss' Motion for Equitable Tolling be denied.

### B. Exhaustion and Procedural Bar

In addition, a federal court may not entertain a § 2254 petition unless the individual in state custody has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) ("Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must 'fairly present' his federal claims to the state courts."). If the petitioner has the right under state law "to raise, by any available procedure, the question presented," the claim is not exhausted. 28 U.S.C. § 2254(c). The purpose of this requirement is to give state courts the first opportunity to correct the alleged errors. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the exhaustion requirement, the individual must present the federal nature of his or her claim to each level of the state courts. *Id.* at 845 (explaining that comity compels the individual to "use the State's established appellate review procedures before he presents his claims to a federal court.").

Before a prisoner may seek federal habeas relief, he must fairly present his federal claims to each level of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This requires more than an outline of the underlying facts or a broad invocation of due process. *Turnage*, 606 F.3d at 936 (quotations omitted). "At minimum, . . . the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (citations omitted).

If the federal claim is not fairly presented to the state courts and the claim could no longer be reviewed because of a state procedural rule, the claim is procedurally defaulted. *Turnage*, 606 F.3d at 936. A federal court is prohibited from reviewing a defaulted habeas claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show a fundamental miscarriage of justice, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see also Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010).

Weiss did not fairly present his federal claims to the Minnesota state courts, and it is too late for him to do so now. His claim of ineffective assistance of trial counsel was asserted in his December 2009 postconviction petition. The petition was denied by the district court, and the Minnesota Court of Appeals affirmed. Weiss did not seek further review with the Minnesota Supreme Court, and thus failed to exhaust his state remedies. Weiss' second claim that the prosecution failed to disclose evidence regarding an exculpatory witness had not been previously raised in any state proceeding. Weiss' third claim that the prosecutor made false or misleading arguments during his opening statement was not raised on direct appeal and is thus statutorily barred under Minn. Stat. § 590.01, subd. 1 (2012), because Weiss could have raised that claim on direct appeal but did not. Weiss' final claim is that his sentence was unauthorized and unconstitutional. On direct appeal, Weiss only argued his sentence violated state law, and he did not raise any federal claims related to his sentence.

Additionally, Weiss cannot assert his claims in state court. "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be

considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W. 2d 737, 741 (Minn. 1976). His claim of ineffective assistance of trial counsel has already been raised in a postconviction petition and is thus barred under *Knaffla*. His prosecutorial misconduct claim was not raised on direct appeal and is barred by statute and *Knaffla*. Moreover, his claim of sentencing errors was raised on direct appeal and cannot be raised again under *Knaffla*.

All of Weiss' claims are thus procedurally defaulted. Weiss has failed to show cause for the default, actual prejudice, or that a fundamental miscarriage of justice would result. Therefore, the Court is procedurally barred from considering them.

### III. RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

2. Petitioner Scott Edward Weiss's Motion for Accept Petition for a Federal Habeas Corpus to be Late under the Equitable Tolling (ECF No. 2) be **DENIED**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 27, 2013

                                                                              s/ *Jeanne J. Graham*
                                                                              JEANNE J. GRAHAM
                                                                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 16, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.