**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Scott Edward Weiss,  Civil No. 12-2417 (RHK/JJG)

          Petitioner,  **MEMORANDUM OPINION AND ORDER**

v.

State of Minnesota,

          Respondent.

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his conviction in a Minnesota state court criminal case. (Doc. No. 1.) The matter was referred to Magistrate Judge Jeanne J. Graham for a Report and Recommendation ("R&R"). Magistrate Judge Graham recommended that this action should be dismissed, without addressing any of Petitioner's substantive claims for relief on the merits, because (a) the petition was time-barred under 28 U.S.C. § 2244(d)(1), and (b) all of Petitioner's claims were procedurally defaulted. (See R&R dated June 27, 2013, [Doc. No. 36].) Petitioner filed objections to the R&R (Doc. No. 37), which prompted this Court to conduct a de novo review of the matter. The Court overruled Petitioner's objections, adopted the R&R, and denied Petitioner's habeas corpus petition. (Order dated August 7, 2013, [Doc. No. 40].)

Petitioner subsequently filed a Notice of Appeal, seeking appellate review of the disposition of his habeas corpus petition. (Doc. No. 42.) He has also filed an application for leave to proceed in forma pauperis ("IFP") on appeal (Doc. No. 49), a motion requesting a Certificate of Appealability (Doc. No. 43), and a motion seeking appointment of counsel to assist him on appeal (Doc. No. 44). For the reasons discussed below, Petitioner's IFP

application will be granted, his request for a Certificate of Appealability will be denied, and his motion for appointment of counsel will be denied without prejudice.

## DISCUSSION

A.  IFP Application

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith."  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application indicates that his only regular source of income is a prison job that pays only nominal wages.  The application also indicates that Petitioner has no assets that could be used to pay the filing fee for his appeal.  Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains satisfied that Petitioner's habeas corpus petition was properly dismissed, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court.  Therefore, Petitioner's appeal is considered to be taken "in good faith" for

purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

    B.  Certificate of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").  Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In <u>Slack v. McDaniel</u>, <u>supra</u>, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases, such as this one, that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.  The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' <u>Ashwander v. TVA</u>, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The <u>Ashwander</u> rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's eligibility for a COA can be fully resolved by applying only the second of the criteria identified by the Supreme Court in <u>Slack</u> – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect."  <u>Id</u>. at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed due to untimeliness, and because his claims have been procedurally defaulted.  The Court finds no reason to think that any other court – including the Eighth Circuit Court of Appeals – could conclude that this action was not procedurally barred by either the statute of limitations or the doctrine of procedural default, or both.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might warrant appellate review.  Therefore, Petitioner will not be granted a COA in this matter.

    C.  <u>Motion for Appointment of Counsel</u>

Because this Court will not grant Petitioner a COA, he cannot presently prosecute his appeal. Thus, it would not be appropriate to appoint counsel to represent Petitioner on appeal at this time. Furthermore, requests for appointment of counsel on appeal are customarily decided by the Court of Appeals, rather than the District Court. Petitioner's present motion for appointment of counsel will therefore be denied. However, the motion will be denied without prejudice, and Petitioner will not be precluded from bringing a new motion for counsel in the Eighth Circuit Court of Appeals.

Based upon the foregoing, and all of the files, records and proceedings herein, IT IS ORDERED:

    1. Petitioner's application for leave to proceed <u>in forma pauperis</u> on appeal (Doc. No. 49) is **GRANTED**;

    2. Petitioner's Motion for a Certificate of Appealability (Doc. No. 43) is **DENIED**; and

    3. Petitioner's motion for appointment of counsel (Doc. No. 44) is **DENIED WITHOUT PREJUDICE**.

Dated: September 18, 2013

                                      s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge